NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
TOMEKA JACKSON,                   :
                                  :
    Plaintiff,                    :    Civil Action No. 18-12011 (SRC)
                                  :
    v.                            :    **OPINION**
                                  :
COMMISSIONER OF SOCIAL            :
SECURITY,                         :
                                  :
    Defendant.                    :
_____:

**CHESLER, District Judge**

    This matter comes before the Court on the appeal by Plaintiff Tomeka Jackson ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be vacated and remanded.

    In brief, this appeal arises from Plaintiff's application for supplemental security income benefits, alleging disability beginning October 30, 2009. A hearing was held before ALJ Richard West (the "ALJ") on April 21, 2017, and the ALJ issued an unfavorable decision on June 9, 2017, finding that Plaintiff had not been disabled during the period in question. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

    In the decision of June 9, 2017, the ALJ found that, at step three, Plaintiff did not meet or

equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain non-exertional limitations, particularly a limitation to simple instructions. At step four, the ALJ also found that Plaintiff has no past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on a number of grounds, but this Court need only reach the argument that points to reversible error: the residual functional capacity determination at step four is not supported by substantial evidence.

Plaintiff contends that the ALJ misread the report of the psychological consultative examiner, and then gave considerable weight to a finding that the examiner never made. At step four, the bulk of the ALJ's discussion focused on exertional limitations, and these are not at issue. The ALJ devoted one paragraph to non-exertional limitations, here quoted in its entirety:

> I give considerable weight to the psychological consultative examiner whose opinion is consistent with record in that the claimant can perform simple routine work. The examiner noted the claimant is able to understand and follow instructions of moderate complexity like a 4-step instruction and function independently. The examiner also noted the claimant's concentration is fair. The claimant is able to travel alone and takes public transportation when needed. The claimant's long-term memory is good and her short-term memory is good to fair (Exhibit C8F).

Exhibit C8F is a psychological evaluation report dated January 15, 2015, by Dr. Perdomo. (Tr. 384-386.) The Commissioner's opposition brief confirms that the ALJ relied on

2

Dr. Perdomo's report in making the non-exertional residual functional capacity determination. (Def.'s Opp. Br. 13.)

Plaintiff contends that the ALJ's determination that Plaintiff can perform simple routine work is not supported by substantial evidence. In considering this argument, this Court finds that the ALJ's explanation of the determination is not sufficient to allow meaningful review.

As to Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the capacity to perform sedentary work, with certain limitations, particularly a limitation to simple instructions. As just quoted, the ALJ cited only Dr. Perdomo's report as evidence in support of his finding as to non-exertional limitations. This Court does not understand, however, how the ALJ derived this finding from Dr. Perdomo's report.

Dr. Perdomo's report concludes with this assessment:

> She also developed a persistent depressive disorder with persistent major depression episode with mixed features that appeared to be moderate-to-severe and she has panic disorder. Her condition is such that it will affect her ability to function effectively at the job. Her condition is chronic and will last more than one year.

(Tr. 386.) Dr. Perdomo did not state that Plaintiff could perform simple routine work. In the section of the report that addressed functional capacity, Dr. Perdomo did say that Plaintiff "is able to understand and follow instructions of moderate complexity like a 4-step instruction." (Tr. 385.) This does not state that Plaintiff needs simple instructions to perform effectively at work. Nor does it state that Plaintiff can perform the full range of sedentary work if she receives only simple instructions.

What Dr. Perdomo did write is that Plaintiff's condition would affect her ability to function effectively at the job. The Court recognizes that this finding is vaguely worded, but, despite its vagueness, it most definitely does not state that Plaintiff is capable of simple routine

3

work, or that she can perform the full range of sedentary work if given simple instructions. Moreover, the ALJ appears to have totally ignored this assessment: the ALJ's decision does not reference it. Thus, while the ALJ wrote that he gave considerable weight to Dr. Perdomo's assessment, he appears to have overlooked Dr. Perdomo's main conclusion about non-exertional limitations to Plaintiff's functional capacity.

This Court is thus unable to understand the basis for the ALJ's determination that Plaintiff can perform the full range of sedentary work with the only non-exertional limitation being a need for simple instructions. Because this is a crucial point, this renders the opinion unreviewable.

The Commissioner's opposition brief attempts to bolster the evidentiary support for this finding by citing the assessment of agency reviewer Dr. Jusino-Berrios, but the ALJ did not cite this report. Rather, the ALJ made the general statement that he did not give much weight to the opinions of the DDS consultants. (Tr. 17.) Under Third Circuit law, this Court may not rely on medical records not mentioned by the ALJ:

> The District Court, apparently recognizing the ALJ's failure to consider all of the relevant and probative evidence, attempted to rectify this error by relying on medical records found in its own independent analysis, and which were not mentioned by the ALJ. This runs counter to the teaching of *SEC v. Chenery Corporation*, 318 U.S. 80, 87 L. Ed. 626, 63 S. Ct. 454 (1943), that "the grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." *Id.* at 87.

Fargnoli v. Halter, 247 F.3d 34, 44 n.7 (3d Cir. 2001).

This Court finds that the ALJ's determination at step four is not amenable to meaningful review and must be vacated, pursuant to Burnett v. Commissioner of SSA, 220 F.3d 112, 119 (3d Cir. 2000).

The present case is on all fours with Burnett. In Burnett, at step three, the ALJ had made

4

only a summary statement that the claimant did not meet or equal any listed impairment.  Id.
The Third Circuit considered the record and concluded:

> [T]he ALJ's conclusory statement in this case is similarly beyond meaningful judicial review.  Because we have no way to review the ALJ's hopelessly inadequate step three ruling, we will vacate and remand the case for a discussion of the evidence and an explanation of reasoning supporting a determination that Burnett's "severe" impairment does not meet or is not equivalent to a listed impairment.  On remand, the ALJ shall fully develop the record and explain his findings at step three, including an analysis of whether and why Burnett's back and knee impairments, or those impairments combined, are or are not equivalent in severity to one of the listed impairments.

Id. at 119-20 (citations omitted).  Although, in the instant case, the ALJ provided some explanation of his reliance on Dr. Perdomo's opinion, there is not enough explanation of his reasoning to permit this Court to understand it and review it.  The non-exertional residual functional capacity determination is not amenable to meaningful judicial review.  On remand, the ALJ shall fully explain his findings and his reasoning at step four.

For this reason, this Court finds that the Commissioner's decision is not amenable to meaningful judicial review, pursuant to Burnett.  The Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

s/ Stanley R. Chesler<br>
STANLEY R. CHESLER, U.S.D.J.

Dated: November 21, 2019